IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC ) *by and through its successor by merger* ) VEOLIA WATER SOLUTIONS AND ) TECHNOLOGIES NORTH AMERICA ) INC., )                 Plaintiff, ) ) ) v. ) ) ALLSTATES WORLDCARGO, INC; ) SOLORI FORWARDING S.A. DE C.V.; ) CM NEGOCIOS INTERNACIONALES ) S. DE R.L. DE CV; SCHNEIDER ELECTRIC ) USA, INC. )                 Defendants. ) | Civil Action No. 13-1507 District Judge Magistrate Judge Cynthia Reed Eddy |

**MAGISTRATE JUDGE CYNTHIA REED EDDY**
**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons set forth in the following Report, the Magistrate Judge respectfully recommends that Defendant Allstates Worldcargo, Inc.'s ("Allstates") Motion to Dismiss Counts I and III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted without prejudice and that Plaintiff be granted leave to file an Amended Complaint.

**II. REPORT**

**Procedural History**

Plaintiff initiated this action against the above-captioned Defendants on September 19, 2013 in the Allegheny County Court of Common Pleas, averring both negligence and breach of

contract claims against each Defendant.[1] (ECF No. 1-2). Before any other Defendants were served, Allstates filed a Notice of Removal to this Court on October 17, 2013, asserting that this matter falls exclusively within the federal statute Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq. (ECF No. 1). On October 24, 2013, Allstates filed a Motion to Dismiss the Complaint for failure to state a claim with respect to the negligence (Count I) and breach of contract (Count III) claims asserted against it. (ECF No. 5). Thereafter, Plaintiff filed a Response Brief on November 25, 2013 (ECF No. 10), Allstates filed a Reply Brief on December 9, 2013 (ECF No. 11), and Plaintiff filed a Sur-Reply Brief on December 23, 2013 (ECF No. 16). The matter has been fully briefed.

**Facts**

Plaintiff purchased equipment from Defendant Schneider Electric USA Inc. ("Schneider"), which was located at Schneider's plant in Mexico. Complaint (ECF No. 1-2), at ¶ 7. Plaintiff needed its newly purchased equipment to be transported from Mexico to Aruba, Dutch Caribbean. *Id.* at ¶¶ 7, 9. Consequently, on August 25, 2011, Plaintiff "retained" Allstates for the following two reasons: (1) to aid in the "transportation of the equipment from Defendant Schneider's plant" in Mexico to Aruba, and (2) "to arrange and oversee packaging of the equipment suitable for carriage to Aruba." *Id.* at ¶ 9.

According to the Complaint, Allstates then retained Defendant Solori Forwarding S.A. de C.V. ("Solori") to (1) perform the portion of the carriage of the shipment from Mexico to Port Everglades, Florida, and (2) "to provide packaging suitable for the transport" from Mexico to Aruba. *Id.* at ¶¶ 11-12. Plaintiff asserts that it "was an intended third party beneficiary of the

---

[1] The complaint incorrectly numbers the counts against the Defendants, beginning at the negligence count against Schneider.

agreement between Defendant Allstates and Defendant Solori with respect to the packaging and carriage of the equipment." *Id.* at ¶ 20.  Plaintiff further asserts that "Defendant Allstates did not determine the packaging expertise or qualifications of Defendant Solori." *Id.* at ¶ 15.  Plaintiff avers that when Schneider delivered the equipment at its plant in Mexico to Solori, it "was in good order and condition," but was "packaged in a manner that was not fit for the intended transit" to its ultimate destination in Aruba.  *Id.* at ¶¶ 16, 21.  Solori then apparently performed the carriage of the equipment from Mexico to Port Everglades, Florida.

Thereafter, Solori purportedly "contracted" with Defendant CM Negocios Internacionales de R.L. de CV ("Negocios") "to crate and package the equipment." *Id.* at ¶ 14.  Plaintiff asserts that it "was an intended third party beneficiary of…any agreement between Defendant Solori and Negocios." *Id.* at ¶ 20.  Plaintiff further alleges that "Defendant Allstates did not determine the packaging expertise…of anyone Defendant Solori may have retained or intended to retain in connection with the packaging of the equipment…" *Id.* at ¶ 15.  Plaintiff claims that "the equipment was packaged by Defendant Negocios and Defendant Solori or their representatives, but not in a manner suitable for the intended carriage to Aruba." *Id.* at ¶ 17.  The equipment was loaded on board a vessel at Port Everglades, Florida and was shipped by sea to Aruba.[2]  *Id.* at ¶¶ 11, 19.  On or about October 20, 2011, the equipment arrived in Aruba at its intended destination, but was allegedly "was found to be damaged as a result of water intrusion." *Id.* at ¶¶ 18-19.

**Standard of Review – Rule 12(b)(6)**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough

---

[2] The complaint did not state which entity owned or controlled the vessel.

facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Id*.

As the Court of Appeals for the Third Circuit explained in *Fowler*, 578 F.3d at 210–11:

> . . . The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

4

> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, ... [the] "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*See also Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *Burch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 132 S.Ct. 1861 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that

discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D.Pa. 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

**Discussion**

Allstates argues that this matter is governed exclusively by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq.[3] Allstates contends that Plaintiff has failed to adequately state a cause of action pursuant to COGSA, and therefore, Counts I and III against Allstates should be dismissed. Plaintiff counters that COGSA does not apply to this matter because Allstates is not a carrier within the meaning of COGSA and this is simply a pre-shipment packaging dispute governed by state law.

COGSA generally "applies to a carrier engaged in the carriage of goods to or from any port in the United States," 46 U.S.C. § 30702, and provides the exclusive remedy for damage incurred to cargo between foreign and United States ports. *Timbauba Agricola S.A. v. M/V Cap San Raphael*, 2004 WL 2755541, at * 2 (E.D.Pa. 2004). Additionally, even when COGSA would not otherwise apply, parties may contractually designate its applicability. *See* 46 U.S.C. § 30701 n. sec. 1312 ("any bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea between such ports, containing an express statement that it shall be subject to the provisions of this chapter, shall be subjected hereto as fully as if subject hereto by the express provisions of this chapter").

COGSA defines "carrier" as "the owner, manager, charterer, agent, or master of a vessel." 46 U.S.C. § 30701. Plaintiff argues that Allstates is not a "carrier" within the context of

---

[3] "Previously, COGSA appeared at 46 U.S.C. § 1303, *et seq.* The Act is still in force but was not recodified. Currently, COGSA appears in a note to 46 U.S.C. § 30701." *Petroleos Mexicanos Refinacion v. M/T KING A*, 554 F.3d 99, 101, n. 2 (3d Cir. 2009).

COGSA, however, the Complaint provides that Plaintiff retained Allstates "in connection with transportation of the equipment" from Mexico to Aruba. Complaint (ECF No. 1-2), at ¶ 9. Further, although Plaintiff argues that this action is merely a pre-shipment packaging dispute between Plaintiff and Allstates, the equipment was not damaged until it was at sea. The equipment was "damaged as a result of water intrusion" after it was loaded on board a vessel and shipped by sea from a United States port (Florida) to a foreign port (Aruba).[4] *Id.* at ¶¶ 11, 19. The damage to the equipment was not discovered until it arrived at its intended destination. Moreover, Plaintiff claims to be a third party beneficiary to the agreement between Allstates and Solori regarding the "packaging *and carriage* of equipment," and avers that Allstates "failed to make reasonable arrangements for the shipment of Plaintiff's cargo." *Id.* at ¶¶ 20, 26(d) (emphasis added). Therefore, Plaintiff's position that this matter is squarely a pre-shipment packaging dispute is contrary to its own allegations in the Complaint.

Based on a reading of the Complaint as a whole, together with the broad definition of "carrier" in COGSA, the Court finds that Allstates is a carrier within the context of COGSA. Accordingly, COGSA applies to this matter and is the exclusive remedy for the damage alleged. *See Amazon Produce Network, LLC v. M/V Lykes Osprey*, 553 F. Supp. 2d 502, 506 (E.D. Pa. 2008).

---

[4] In an attempt to show that COGSA should not apply to an entity that was only retained for purposes of packaging, Plaintiff cites to various cases that distinguish carriers from other non-carrier entities, such as freight-forwarders, stevedores, and ship managers. Plaintiff's Response Brief in Opposition (ECF No. 10), at 5. However, in the cases cited by Plaintiff, there were no disputes as to the classification of the parties, and the courts analyzed the language of the writings, which Plaintiff did not provide here. Moreover, the Court finds Plaintiff's argument that Allstates was retained solely for purposes of packaging the equipment inconsistent with the Complaint.

"COGSA sets forth a complex burden-shifting scheme for determining liability for damage to goods incurred during shipping." *Id.* at 507. Initially, the plaintiff has the burden of establishing a *prima facie* case by proving that (1) the cargo was loaded undamaged onto the ship and (2) the cargo was damaged when it was unloaded from the ship at the point of destination. *Id.* (citing *America S/A Frutas E Alimentos v. M/V Cap San Rafael,* 426 F.Supp.2d 312, 317 (E.D.Pa.2006)). "[E]vidence of a bill of lading is essential to making a COGSA claim," and therefore, "district courts have required plaintiffs to specifically identify *every* relevant bill of lading in their complaints." *Timbauba Agricola S.A.*, 2004 WL 2755541, *2. Failure to identify a relevant bill of lading in a complaint is grounds for dismissal. *See id.*

Here, Plaintiff has asserted that a contract exists between Plaintiff and Allstates, and that Allstates breached the terms of the alleged contract. Complaint (ECF No. 1-2), at ¶¶ 13-14. Additionally, Plaintiff has asserted that Allstates' conduct renders it liable to Plaintiff in negligence. *Id.* at ¶¶ 10-12. Because COGSA is the exclusive remedy in this case, Counts I and III will be read together to determine whether Plaintiff has adequately stated a *prima facie* case under COGSA. The allegations set forth in the Complaint regarding the conduct of Allstates are wholly unsupported, bald assertions. Plaintiff has neither described any terms, nor provided any documentation of the alleged contract. Likewise, Plaintiff has failed to identify or attach any relevant bill of lading or contract to its Complaint, which is "essential to making a COGSA claim." *See Timbauba Agricola S.A.*, 2004 WL 2755541, *2. Moreover, despite arguing that Plaintiff and Allstates reached the agreement to package the equipment through "a series of e-mails and telephonic conversations," Plaintiff chose not to provide or describe the same. (ECF No. 10 at 3). Therefore, Plaintiff has failed to meet its initial burden in establishing a *prima facie* case.

As a result, Allstates' motion to dismiss Counts I and III of the Complaint should be granted. It is recommended that Counts I and III be dismissed *without prejudice* to allow Plaintiff to amend its Complaint to conform to the pleading requirements of COGSA. *See Denton v. Hernandez*, 504 U.S. 319, 325 (1989)(where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment). Thus, Plaintiff should be granted leave to file an Amended Complaint.

## III. CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant Allstates' Motion to Dismiss Counts I and III of the complaint is granted *without prejudice*, and that Plaintiff be granted leave to file an Amended Complaint.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due by April 18, 2014. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

By the Court:

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel