IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC<br>*by and through its successor by merger*<br>VEOLIA WATER SOLUTIONS AND<br>TECHNOLOGIES NORTH AMERICA<br>INC.,<br>            Plaintiff,<br><br>    v.<br><br><br>ALLSTATES WORLDCARGO, INC;<br>SOLORI FORWARDING S.A. DE C.V.;<br>CM NEGOCIOS INTERNACIONALES<br>S. DE R.L. DE CV; SCHNEIDER<br>ELECTRIC USA, INC.<br>            Defendants. | Case No: 2:13-cv-1507<br><br>Chief United States District Judge<br>Joy Flowers Conti<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM OPINION

**Conti, Chief District Judge**

This action was commenced on September 19, 2013, against the above-captioned defendants in the Allegheny County Court of Common Pleas, and was removed to this court by defendant Allstates Worldcargo, Inc. ("Allstates"), on October 17, 2013, pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note. (ECF Nos. 1, 1-2). The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation dated April 1, 2014 (ECF No. 28) recommended that defendant Allstates' motion to dismiss Counts I and III of the complaint (ECF No. 5) be granted without prejudice, and that plaintiff N.A. Water Systems, LLC ("NA") be

granted leave to file an amended complaint. NA filed timely objections to the Report and Recommendation. (ECF No. 32). The matter is now ripe for disposition. For the reasons set forth below, the Report and Recommendation will be not be adopted, and the motion to dismiss will be denied.

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

NA objects to the magistrate judge's recommendation granting the motion because the COGSA is applicable to this case and NA failed to state a claim within the context of COGSA. In support of its argument, NA primarily relies on *Davis Elliot International, Inc. v. Pan American Container Corp.*, 705 F.2d 705 (3d Cir. 1983) ("Davis"). Objections (ECF No. 32), at 3-5, 7. The court notes that NA did not previously cite *Davis* or argue its applicability to the magistrate judge in its response brief or sur-reply brief. Consequently, the magistrate judge did not have the benefit of reviewing NA's newly raised argument on objection. The court could remand the matter to the magistrate judge for further consideration in light of NA's argument in connection with *Davis*. However, because Allstates already had the opportunity to respond to this argument, in the interests of judicial economy, the court will proceed to decide the pending motion at this time.

As the Report and Recommendation discussed, COGSA generally "applies to a carrier engaged in the carriage of goods to or from any port in the United States." 46 U.S.C. § 30702. "By its terms, COGSA governs bills of lading for the carriage of goods 'from the time when the

goods are loaded on to the time when they are discharged from the ship.'" *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 29 (2004) (quoting COGSA § 1(e), 46 U.S.C. § 30701 note). "But COGSA also gives the option of extending its rule by contract." *Id.*; *see* COGSA § 13, 46 U.S.C. § 30701 note ("any bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea between such ports, containing an express statement that it shall be subject to the provisions of this chapter, shall be subjected hereto as fully as if subject hereto by the express provisions of this chapter").

In *Davis*, the plaintiff alleged in its complaint that it had contracted with the defendant "to ship hardware to plaintiff's customer in Nigeria." *Davis*, 705 F.2d at 706. The complaint also alleged that the defendant "represented that the goods would be containerized; that [the defendant] failed to containerize the goods; and that as a result merchandise was lost and plaintiff sustained damages of $18,000." *Id.* The plaintiff in *Davis* argued that the defendant's "undertaking to containerize constituted a valid contract covering pre-loading activities to which COGSA is inapplicable." *Id.* at 708. The court of appeals stated that "[b]y its terms, COGSA applies to the pre-loading stage only if the parties so agree," and "[i]f plaintiff proves its version of the facts, the parties never agreed to apply COGSA to the pre-loading stage." *Id.* at 709. Therefore, the court of appeals concluded that dismissal at such an early stage of the case would be inappropriate, and plaintiff's legal theory "must be examined in light of the factual development."[1] *Id.*

---

[1] Because this case was decided before the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court in *Davis* applied the previous pleading standard, stating that "it remains for consideration only whether there is any state of facts on which plaintiff could conceivably recover" and concluding that it cannot be said that plaintiff "has no possibility of success." *Id.* at 708-09. Nevertheless, the undersigned finds that the court of appeal's overall reasoning is still applicable to the present case.

3

The court concludes that it is premature to determine that COGSA is applicable. Like the plaintiff in *Davis*, NA alleged that it retained Allstates for both transportation of the equipment and packaging of the equipment. *Id.* at 706; Compl. (ECF No. 1-2), ¶ 9. In the complaint NA asserts that the equipment was inadequately packaged before it was loaded onto the vessel in Florida. Additionally, neither party provided the court with any applicable bill of lading or contract that would extend the applicability of COGSA to pre-loading services. Thus, at this preliminary stage, when taking NA's allegations as true, it is inappropriate to conclude that COGSA is applicable.[2] The court finds that NA alleged sufficient facts to support its claims asserted against Allstates. After the parties engage in discovery, the applicable law will become more apparent, and the issue regarding the applicability of COGSA can be revisited.

With respect to Allstates' motion for more definite statement pursuant to Rule 12(e), the court concludes that the motion must be denied. The complaint is neither "so vague [n]or ambiguous that [Allstates] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

After *de novo* review of the pleadings in this case, together with the Report and Recommendation, and the objections thereto, the motion to dismiss will be denied, and an appropriate order will be entered.

---

[2] NA raised an issue questioning whether the court retains jurisdiction if COGSA does not apply. Plaintiff's response brief (ECF No. 10), at 8 n.4; Sur-Reply Brief (ECF No. 16), at 4. NA asserts that the "saving to suitors" clause of 28 U.S.C. § 1333(1) made Allstates' removal of the matter to this court improper. By failing to file a motion to remand within thirty days of the removal pursuant to 28 U.S.C. § 1447(c), NA waived any such objection because the court has subject-matter jurisdiction under 28 U.S.C. § 1333(1). *See* 28 U.S.C. § 1333(1); *Kirby*, 543 U.S. at 22-28; *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010); *Baris v. Sulpicio*, 932 F.2d 1540, 1543-46 (5th Cir. 1991); *Joe Boxer Corp. v. Fritz Transp. Int'l*, 33 F.Supp.2d 851, 857 (C.D. Cal. 1998).

BY THE COURT:

Dated: September 26, 2014                     /s/ JOY FLOWERS CONTI
                                              Joy Flowers Conti
                                              Chief, United States District Judge